IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Case No. 00-539-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| DAN ROMAINE KIRKHAM, | ) | |
| | ) | |
| Defendant. | ) | |

Karin J. Immergut
United States Attorney
District of Oregon
Jen E. Ihlo
Melissa Schraibman
U. S. Department of Justice
600 E. Street N. W.
Washington, D. C. 20004

    Attorneys for Plaintiff

Samuel C. Kauffman
Garvey Schubert Barer
Eleventh Floor
121 S. W. Morrison Street
Portland, Oregon 97204-3141

    Attorney for Defendant

KING, Judge:

Before the court is the motion, under 28 U.S.C. § 2255, for the review and reconsideration of sentence (#798) filed by defendant Dan Romaine Kirkham. For the reasons set forth below, I deny the motion.

## BACKGROUND

On June 7, 2002, defendant Dan Romaine Kirkham was convicted by a jury of conspiracy to defraud the United States (Count One; 18 U.S.C. § 371) and one count of attempting to evade and defeat payment of tax (Count Nine; 26 U.S.C. § 7201). On January 13, 2003, this court sentenced Kirkham to imprisonment for 30 months on each count (each sentence to run concurrently). In reaching this sentence, the court applied a Total Offense Level of 19 based on a finding by the court regarding the total tax loss and a finding by the court that the offense involved sophisticated means to impede the discovery of the extent of the offense. In calculating the total tax loss, the court attributed to Kirkham only $22,680 of the $1.136 million proposed in the Presentence Report–tax losses caused by other taxpayers, the Mitchells; the court found there was insufficient evidence to conclude that this amount was reasonably foreseeable to Kirkham. The court agreed with the recommendation in the Presentence Report that no adjustment for acceptance of responsibility was warranted. See Findings of Fact Order, January 14, 2003.

On January 30, 2003, the court granted Kirkham's motion for release pending the appeal of his conviction. On March 23, 2004, the Ninth Circuit affirmed Kirkham's conviction. Kirkham petitioned the Supreme Court for relief on June 18, 2004. The Supreme Court denied his petition on October 4, 2004. On October 13, 2004, Kirkham filed a Motion to Remand or to Allow Petitioner to Supplement his Petition for a Rehearing of a Writ of Certiorari. The Supreme Court denied this motion on November 8, 2004. Kirkham began serving his sentence on February 28, 2005.

Kirkham filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 based on the Supreme Court's holdings in Apprendi v. New Jersey, 530 U.S. 466 (2000); Blakely v. Washington, 542 U.S. 296 (2004), decided June 24, 2004; and United States v. Booker, 125 S. Ct. 738 (2005). The motion takes issue with the manner in which the court made findings regarding the tax loss, as well as the sophisticated means enhancement to defendant's sentence, using facts found by the court rather than by a jury. In addition, Kirkham argues that the remedy announced in Booker, making the United States Sentencing Guidelines advisory, cannot be applied to him because to do so would violate the *ex post facto* clause of Article I, § 9 of the United States Constitution and the same principles in the Due Process Clause. Finally, Kirkham asserts an ineffective assistance of counsel argument.

## LEGAL STANDARDS

28 U.S.C. § 2255 provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral

attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

## DISCUSSION

I.   Failure to Raise Issue on Direct Review

Kirkham objected for the first time to the manner in which the court devised his sentence in his Motion for Remand to Allow Petitioner to Supplement his Petition for a Rehearing of a Writ of Certiorari filed with the Supreme Court after his petition for certiorari had been denied.

The government argues that this supplementary filing was insufficient to preserve the question of the court's ability to determine tax loss and other enhancements, thereby precluding him from raising the argument in this Section 2255 motion. In other words, the government asserts Kirkham is procedurally barred from raising this issue unless he can show both "cause" for failure to raise the issue at trial and on direct appeal and "actual prejudice" resulting from the error. Bousley v. United States, 523 U.S. 614, 622 (1998). The government points out that Blakely was decided in June of 2004, but Kirkham did not raise it with the Supreme Court until October 13, 2004, and only *after* his petition for certiorari had been denied.

Kirkham, in turn, asserts that the plain error standard applies because Blakely was decided while his direct appeal was pending.

The plain error rule is inapplicable here. "Because it was intended for use on direct appeal, . . . the 'plain error' standard is out of place when a prisoner launches a collateral attack against a criminal conviction after society's legitimate interest in the finality of the judgment has been perfected by the expiration of the time allowed for direct review or by the affirmance of the conviction on appeal." United States v. Frady, 456 U.S. 152, 164 (1982). Here, Kirkham

neglected to take issue with the judicial factfinding in his appeal to the Ninth Circuit Court of Appeals or in his petition for certiorari. As the government points out, the Supreme Court only considers questions presented in the petition, unless exceptional circumstances exist. See Taylor v. Freeland & Kronz, 503 U.S. 638, 645-46 (1992). The Supreme Court has declined to address the application of Blakely on direct review, implying that the decision does not constitute exceptional circumstances. See Pasquantino v. United States, 125 S. Ct. 1766, 1781 n.14 (2005), reh'g denied, 125 S. Ct. 2931 (Jun. 20, 2005). Since Kirkham neglected to take issue with the court's judicial factfinding on direct review, I must evaluate whether Kirkham meets the cause and actual prejudice exception to the procedural default rule.[1]

With respect to the cause prong, a claim that "is so novel that its legal basis is not reasonably available to counsel" may constitute cause for procedural default. Bousley, 523 U.S. at 622. The government urges me to find that because the Supreme Court decided Apprendi prior to Kirkham's sentencing hearing, and granted certiorari in Blakely before he filed his appellate brief, Kirkham was on notice of the existence of the issue. However, in the context of evaluating whether Blakely applies retroactively, the Ninth Circuit has held that Blakely announced a new rule. "[T]he rule announced in Blakely was clearly not apparent to all reasonable jurists, nor was it dictated by precedent." Schardt v. Payne, 414 F.3d 1025 (9th Cir. 2005). Thus, I find that the cause prong has been met.

As for whether Kirkham has shown "actual prejudice" resulting from the error, the burden of proof is "significantly higher" than that required on direct review under the plain error

---

[1]Neither the government nor Kirkham argues that the "actual innocence" exception to the procedural default rule applies here. Bousley, 523 U.S. at 622.

standard. Frady, 456 U.S. at 166. The government contends Kirkham has shown no actual prejudice because, ultimately, the sentence he received was reasonable under Booker.² Indeed, the court applied a downward adjustment of three levels, declining to hold Kirkham accountable for the entire tax loss of $1.136 million, as a result of evidence presented at trial and arguments presented at the sentencing hearing. In doing so, the court rejected the Presentence Report's recommendation and the government's argument for a sentence in the range of 41 to 51 months.

Kirkham argues, in essence, that the court is not permitted to analyze whether he has demonstrated actual prejudice by evaluating whether his sentence was reasonable under Booker. He asserts that the remedial portion of the Booker decision, making the United States Sentencing Guidelines advisory, cannot be applied to him because to do so would violate the *ex post facto* prohibition in Article I, § 9, cl. 3, as well as these principles implied in the Due Process Clause. See California Dept. of Corrections v. Morales, 514 U.S. 499, 500 (1995) (Article I, § 9, cl. 3 prohibits changing the sentencing "formula"); Marks v. United States, 430 U.S. 188, 192 (1977) (Due Process Clause forbids application of criminal penalties without fair warning). He also contends that the recent Ninth Circuit decision rejecting this argument, with respect to the Due Process Clause, was wrongly decided and should be reversed. See United States v. Dupas, 419 F.3d 916, 920-21 (9th Cir. 2005). Therefore, according to Kirkham, I must conclude he has demonstrated actual prejudice because under Blakely, all facts other than prior convictions that

---

²Although Booker does not apply retroactively to decisions on collateral review, United States v. Cruz, 423 F.3d 1119 (9th Cir. 2005), the Ninth Circuit held Blakely applied to the United States Sentencing Guidelines while Kirkham's writ of certiorari was pending. United States v. Ameline, 376 F.3d 967 (9th Cir. 2004), on reh'g en banc, 409 F.3d 1073 (9th Cir. 2005) . Accordingly, in an abundance of caution, I will consider the "actual prejudice" prong as if Kirkham's petition for certiorari were pending at the time Booker was decided.

will be used to enhance a sentence must be admitted by the defendant or proved to a jury beyond a reasonable doubt, and the resulting Sentencing Guideline range is mandatory as opposed to advisory. He asserts his sentence would be 12 months under this scheme.

I am bound by the Ninth Circuit decision in Dupas, which rejected the defendant's argument that the remedial portion of Booker violates the *ex post facto* principles in the Due Process Clause. Dupas, 419 F.3d at 920-21. The Ninth Circuit noted that the statutory maximum gave the defendant fair notice of any potential sentence. Id. Here, the statutory maximum that applied at the time Kirkham committed the crime was 60 months for each count. Kirkham was sentenced to a term of imprisonment far less than the statutory maximum.

As for Kirkham's alternative argument that the remedial portion of Booker violates the *ex post facto* clause of Article I, § 9, cl. 3, the clause by its terms applies "only to changes in the law resulting from legislative or executive action[.]" Dupas, 419 F.3d at 920 n.3; Marks, 430 U.S. at 191 ("The Ex Post Facto Clause is a limitation upon the powers of the Legislature and does not of its own force apply to the Judicial Branch of government") (internal citations omitted). Thus, the judicially created remedial portion of Booker does not violate Article I, § 9, cl. 3.

Accordingly, I agree with the government that Kirkham has not demonstrated actual prejudice. The Presentence Report contained an extensive summary of the facts underlying the offenses. While I relied on statements in the Presentence Report in arriving at the 30-month sentence, I also considered evidence presented by the government at trial, on the IRS audits of Kirkham's tax returns, and on the United States Sentencing Guidelines permitting me to determine tax loss based on 20% of Kirkham's gross income. 1995 Federal Sentencing Guidelines Manual, § 2T1.1(c)(2), note.

In addition, I explicitly stated in the Findings of Fact Order that in sentencing Kirkham to 30 months imprisonment, I considered the circumstances in the case, and chose a sentence to reflect the seriousness of the crime, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public. These are the same factors that I would consider today in re-sentencing Kirkham, pursuant to 18 U.S.C. § 3553(a).

Kirkham has already received the benefit of a sentence below the then-mandatory Sentencing Guideline range recommended by the probation officer and by the government. I find that Kirkham cannot show actual prejudice resulting from the judicial factfinding I engaged in when devising his sentence.

II.     Ineffective Assistance of Counsel

Kirkham argues that his defense counsel's failure to object to the court's improper allocation of the burdens of proof constituted ineffective assistance of counsel.

To successfully raise an ineffective assistance of counsel claim, Kirkham must demonstrate that his attorney's performance was so deficient that it fell below an objective standard of reasonableness, and that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). There is a strong presumption that the attorney acted reasonably and adequately. Id.

Kirkham relies on Howard, which provides,

> [W]e note that the government should bear the burden of proof for any fact that the sentencing court would find necessary to determine the base offense level. Since the government is initially invoking the court's power to incarcerate a person, it should bear the burden of proving the facts necessary to establish the base offense level. After that, the party seeking to alter the base offense level should bear the burden of proving the necessary facts.

894 F.2d at 1090. According to Kirkham, in forming the base offense level, the court relied on the Presentence Report as prima facie evidence of the tax loss suffered by the government, and placed the burden on Kirkham to disprove that tax loss by submitting his own objections and evidence.

However, the court did not improperly place the burden of proof on Kirkham. For the years 1993 through 1997, the court applied the note accompanying United States Sentencing Guideline § 2T1.1(c)(2), which states, "If the offense involved failure to file a tax return, the tax loss shall be treated as equal to 20% of the gross income . . . less any tax withheld or otherwise paid, unless a more accurate determination of the tax loss can be made." In order to evaluate whether a more "accurate determination" could be made, the court evaluated Kirkham's evidence of exemptions and deductions. Indeed, Kirkham was required to produce his own evidence of exemptions and deductions if he wanted the court to make a "more accurate determination of the tax loss." See United States v. Bishop, 291 F.3d 1110, 1115-16 (9th Cir. 2002). In this case, taking into account Kirkham's submissions, the court determined that no more accurate determination of the tax loss could be made because Kirkham's records were unreliable and insufficient to support a lower tax loss. Therefore, the court relied on the default rule, impliedly finding the government met its burden of proving tax loss for the years 1993 through 1997.

As for the years 1990 through 1992, the court relied on IRS audits to determine the tax loss for which Kirkham should be held accountable. With respect to those years, then, the court determined that a "more accurate determination of the tax loss" had been made by the IRS, rather than by Kirkham.

Contrary to Kirkham's understanding, then, the court did not treat the statements in the Presentence Report as prima facie evidence, and did not require Kirkham to disprove those statements. Rather, the court simply weighed the two calculations of the tax loss and, by rejecting the government's calculation that included most of the Mitchell tax loss, estimated tax loss in Kirkham's favor. See United States v. Andra, 218 F.3d 1106 (9th Cir. 2000). The court specifically noted during the sentencing hearing that it had reviewed the briefing, that Kirkham had substantial income during the years at issue, and that the tax loss computations were conservative.

As for the sophisticated concealment enhancement, the court did not rely solely on statements in the Presentence Report, but also relied on evidence presented at trial to make a finding that Kirkham's use of the Christian Patriot Association, cash, and financial structuring made the offense difficult to investigate.

Since the court properly applied the relevant burdens in calculating Kirkham's sentence, Kirkham cannot show that his attorney's failure to object to the court's allocation of the burden of proof was unreasonable.

## CONCLUSION

The motion, under 28 U.S.C. § 2255, for the review and reconsideration of sentence (#798) filed by defendant Dan Romaine Kirkham is denied.

IT IS SO ORDERED.

Dated this    2nd    day of December, 2005.

                                      /s/ Garr M. King
                                      Garr M. King
                                      United States District Judge